IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| VS. | NO. MO-13-CR-065 |
| CHARLES RILEY MARTINEZ | |

**UNITED STATES'S MOTION IN LIMINE UNDER RULE 412 TO EXCLUDE EVIDENCE OF VICTIM'S ALLEGED OTHER SEXUAL BEHAVIOR OR SEXUAL PREDISPOSITION**

The United States of America, by and through its undersigned counsel, hereby files this motion *in limine* and would show the Court as follows:

Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of sexual misconduct "evidence offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's predisposition" are inadmissible. Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, "such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id.* According to the advisory committee notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994). The Rule attempts to accomplish these

objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id*. There are only three exceptions to this rule in criminal cases.

The following such evidence is admissible:

(A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
(B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
(C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412 (b).

Impeaching the victim's truthfulness and stowing her capability to fabricate a story are not recognized exceptions to Rule 412. *See United States v. Torres*, 937 F.2d 1469 (9th Cir. 1991) (evidence of incidents that occurred approximately six months after alleged aggravated sexual abuse of victim was not admissible under Rule 412 and court rejected defendant's argument that this evidence was admissible because it was relevant to victim's credibility); *see also United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000); *United States v. Richards*, 118 F.3d 662 (8th Cir. 1997).

Prior to admitting such evidence under one of these exceptions, "the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412 (c)(2). In addition, any such "motion, related materials, and the record of the hearing must be and remain sealed." *Id*.

Furthermore, the defendant must provide written notice, in the form of a motion, of his intent to use such evidence at least 14 days prior to trial. Fed. R. Evid. 412 (c)(1). Failure to

comply with this procedural requirement can result in the exclusion of such evidence. *See United States v. Ramone*, 218 F.3d 1229 (10th Cir. 2000) (defendant's failure to comply with notice requirements of rape shield rule warranted exclusion of evidence about his entire sexual relationship with the victim); *United States v. Eagle*, 137 F.3d 1011, 1014-15 (8th Cir. 1998) (such evidence properly excluded where defendant failed to file notice under Rule 412); *United States v. Rouse*, 111 F.3d 561, 569 (8th Cir. 1997) (same). Such exclusion will not necessarily result in a Sixth Amendment violation. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991). Additionally, the Ninth Circuit has held that for the purposes of Rule 412, the term "past sexual behavior" "all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial," even if that behavior occurred after the alleged assault. *Torres*, 937 F.2d at 1469. Therefore, the United States's request to exclude all post-offense sexual behavior of the victim falls within the ambit of this rule.[1]

In *Torres*, the Ninth Circuit affirmed the applicability of Rule 412 in a sex abuse case to bar the defendant from cross-examining the witness regarding a sexual incident that took place approximately six months after the charged offense. *Id*. at 1473. The court noted that this evidence was irrelevant, did not fall within any of the exceptions of Rule 412 and that the trial court thus did not abuse its discretion in barring the defendant from cross-examination on the victim's sexual history. *Id*. In reaching this conclusion, the court again reiterated the notion that the right to cross-examination is not unlimited and that trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the

---

[1] While the United States seeks to exclude all of the victim's post-offense sexual behavior, as well as any pre-offense sexual behavior not related to this offense, the United States anticipates that there could be testimony at trial that the victim was previously exploited by other individual(s).

witness' safety, or interrogation that is repetitive or only marginally relevant. *See id.* (quoting *United States v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

Notwithstanding Rule 412, numerous courts have found that it is not an abuse of discretion to limit or prohibit defense counsel's cross-examination of witnesses on their past sexual experiences when such testimony would be more prejudicial than probative, or lacks relevance to the alleged sexual offense. *See United States v. Hitt,* 473 F.3d 146, 156-57 (5th Cir. 2006) (finding no Confrontation Clause problem and affirming district court's exclusion of cross-examination questions that sought to elicit facts about victim's prior sexual activities); *United States v. Anderson*, 139 F.3d 291 (1st Cir. 1998); *United States v. Griffith*, 284 F.3d at 338 (2d Cir. 2002) (evidence of past sexual behavior of victims inadmissible in transportation of minors for purposes of prostitution case); *see also Agard v. Portuondo*, 117 F. 3d 696, 702-03 (2d Cir. 1997) (no violation of Confrontation Clause or Due Process where cross-examination questions were limited regarding victim's prior experience with anal intercourse because of highly prejudicial nature of testimony) *rev'd on other grounds*, 529 U. S. 61 (2000); *United States v. Bittner*, 728 F.2d 1038, 1042 (8th Cir. 1984) (no abuse of discretion in preventing cross-examination of witness regarding prior sexual incident with boyfriend for relevance and prejudicial reasons).

In *Anderson* and *Griffith*, the defendants were convicted of transporting individuals in interstate commerce with the intent that these persons engage in prostitution. *See Anderson*, 139 F. 3d at 291; *Griffith*, 284 F. 3d at 342. The Second and First Circuits upheld the district courts' decisions to limit the questioning of the minor victims concerning their relationships with men, sexual history and even prior drug use. *Anderson*, 139 F.3d at 303; *Griffith*, 284 F.3d at 351-52. The courts reasoned that the limitations were not a violation of the defendants' Sixth and

Fourteenth Amendment fair trial rights because the cross-examination would be irrelevant in proving the alleged offenses.

Likewise, in *Bittner*, the Eight Circuit found that the trial court did not abuse its discretion in prohibiting the cross-examination of a witness regarding a past sexual incident with a boyfriend in a kidnapping case. *Bittner*, 728 F.2d at 1042. The court reasoned that the prior sexual incident was more prejudicial than probative and was not relevant to the alleged offense. *Id*.; *see also United States v. Ramone*, 218 F. 3d at 1229, 1234 (10th Cir. 2000) (in prosecution under 18 U.S.C. §§ 2422(b) and 2423(b), refusal to allow defendant to cross-examine minor victim as to unrelated encounter with another man she met on the Internet did not violate defendant's Sixth Amendment rights to confrontation because evidence was substantially more prejudicial than probative); *United States v. Byrne*, 171 F.3d 1231, 1234 (10th Cir. 1999) (in aggravated sexual abuse case, evidence concerning victim's alleged acknowledgment of prior unusual sexual practices was properly excluded).

In the present case, defense counsel's cross examination of the victim regarding any past sexual experiences should be prohibited because it is irrelevant, is more prejudicial than probative, and is barred by Rule 412. Not only are any such experiences completely unrelated to the current charges, and thus irrelevant, but questioning of the victims' sexual behavior certainly raises all of the concerns expressed by Congress when it enacted Rule 412. Because the disclosure of any past sexual experiences holds no probative value, it can only be used to cast aspersions on the character of the victim. In essence, defendant's basis for admitting this type of evidence would be nothing more than a disguised mitigation defense, i.e., the victim is promiscuous, consented to the sexual misconduct, and therefore is more likely to lie. This argument, based on nothing other than stereotyping a victim based on her sexual behavior, is the

exact argument Rule 412 seeks to avoid. Cross-examination on prior sexual encounters should therefore be precluded.

## CONCLUSION

For the foregoing reasons, the government respectfully requests an order prohibiting defense counsel from introducing evidence of, questioning any witness about, or referring to the victims' past sexual behavior since not only is such evidence irrelevant and more prejudicial than probative, but is also barred by Rule 412.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By: /s/ Austin M. Berry
AUSTIN M. BERRY
Assistant United States Attorney
400 West Illinois, Suite 1200
Midland, Texas 79701
432-686-4110
432-686-4131 FAX

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was filed Wednesday, May 01, 2013 via CM/ECF, which will cause a copy to be sent to Defendant's Attorney: Alvaro Martinez

/s/ Austin M. Berry
AUSTIN M. BERRY
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

UNITED STATES OF AMERICA

VS.

NO. MO-13-CR-065

CHARLES RILEY MARTINEZ

**ORDER**

After due consideration, the Court finds the United States's Motion *In Limine* meritorious, and Orders as follows:

The Defendant shall not litigate or relitigate, mention, recite, allude to, suggest, comment, or refer in any way to the following in the jury's presence:

1. Any evidence offered to prove that the juvenile victim engaged in other sexual behavior;

2. Any evidence offered to prove the juvenile victim's sexual predisposition.

SIGNED this _____ day of _____, 2013.

_____
THE HON. ROBERT JUNELL
UNITED STATES DISTRICT JUDGE