**FILED**
**OCT 1 5 2019**
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **WESTERN DISTRICT OF TEXAS** |
|---|---|
| Name *(under which you were convicted):* **Charles Riley Martinez** | Docket or Case No.: |
| Place of Confinement: **Seagoville, TX** | Prisoner No.: **10930-380** |
| UNITED STATES OF AMERICA  v.  **Martinez** | Movant *(include name under which convicted)* |

**Civil Case #: 7:19-cv-00242**

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    Midland  Odessa

    (b) Criminal docket or case number (if you know): __7:13-CR-65-01__

2. (a) Date of the judgment of conviction (if you know): __5-7-2013__

    (b) Date of sentencing: __Sept. 20, 2013__

3. Length of sentence: __121 Months__

4. Nature of crime (all counts):

    18 U.S.C. §2422(b),  18 U.S.C. §2423(a)

5. (a) What was your plea? (Check one)

    (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: __Fifth Circuit__
   (b) Docket or case number (if you know): __13-50876__
   (c) Result: __Affirmed__
   (d) Date of result (if you know): __September 10, 2014__
   (e) Citation to the case (if you know): __Unpublished__
   (f) Grounds raised:
   The Court erred by denying the motion to aquit.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [X]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): __N/A__
   (2) Result: __N/A__

   (3) Date of result (if you know): __N/A__
   (4) Citation to the case (if you know): __N/A__
   (5) Grounds raised:
   　　　　　　　　　　N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ] No [XX]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __N/A__
        (2) Docket or case number (if you know): __N/A__
        (3) Date of filing (if you know): __N/A__

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: **N/A**

(2) Docket of case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised:

**N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

**N/A**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** <u>Mr. Martinez was deprived of a fair trial because...</u>
<u>See attached</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Martinez is serving a sentence in federal prison because his counsel... See attached

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
This claim is not cognizable in direct appeal Massaro V. U.S., 538 U.S. 500.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed:
**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):
**N/A**

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐ **N/A**

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Mr. Martinez is a layman who was deprived of an opportunity to raise an ineffective assistance of counsel claim in direct appeal, and he was deprived of counsel to prepare a first tier collateral review motion.

**GROUND TWO:** Mr. Martinez was deprived of his statutory right to appeal because... See Attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Martinez incorporates by reference the facts in ground one here in ground two. He further... See Attached.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

This claim is not cognizable in direct appeal Massaro V. U.S., 538 U.S. 500.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐    **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐    **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐    **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Mr. Martinez is a layman who was deprived of an opportunity to raise an ineffective assistance of counsel claim in direct appeal, and he was deprived of counsel to prepare a first tier collateral review motion.

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**N/A**

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes ☐   No ☐   **N/A**
  (2) If you did not raise this issue in your direct appeal, explain why:

  **N/A**

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
     Yes ☐   No ☐   **N/A**
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:   **N/A**
  Name and location of the court where the motion or petition was filed:

  **N/A**

  Docket or case number (if you know):   **N/A**
  Date of the court's decision:   **N/A**
  Result (attach a copy of the court's opinion or order, if available):

  **N/A**

  (3) Did you receive a hearing on your motion, petition, or application?
     Yes ☐   No ☐   **N/A**
  (4) Did you appeal from the denial of your motion, petition, or application?
     Yes ☐   No ☐   **N/A**
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
     Yes ☐   No ☐   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**N/A**

GROUND FOUR: **N/A**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**N/A**

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   **N/A**

(2) If you did not raise this issue in your direct appeal, explain why:

**N/A**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐   **N/A**

(2) If you answer to Question (c)(1) is "Yes," state:

**N/A**

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐  **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐  **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐  **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The grounds for this motion are raised here for the first time, in Martinez's first tier collateral review.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    **N/A**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:

    Alvaro Martinez

    (b) At the arraignment and plea:

    Alvaro Martinez

    (c) At the trial:

    Alvaro Martinez

    (d) At sentencing:

    Alvaro Martinez

    (e) On appeal:

    Alvaro Martinez

    (f) In any post-conviction proceeding:

    Pro Se

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    **N/A**

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    **N/A**

    (b) Give the date the other sentence was imposed:     **N/A**

    (c) Give the length of the other sentence:     **N/A**

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐     **N/A**

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    This motion is timely under the actual innocence exception and the limited exception carried out by the Supreme Court of the United States in Martinez V. Ryan, 566 U.S. 1.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate his sentence.

or any other relief to which movant may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10-10-2019
(month, date, year)

Executed (signed) on 10-10-2019 (date)

Charles Martinez
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**Ground One:**

Mr. Martinez was deprived of a fair trial because his counsel did not understand the scope of the convicting statute. Thus, counsel's ineffectiveness facilitated the guilty verdict of someone who is actually innocent.

**Supporting Facts:**

Mr. Martinez is serving a sentence in federal prison because his counsel didn't know the reach of the statute of conviction. The criminal case is based on the governments belief that it has the authority to change the wording of a federal statute. By changing the statute's meaning, the government has effectively criminalized marriage and nullified the laws of the State of Wisconsin. **TO WIT:**

1) Mr. Martinez is a musician who is a Texas resident with a minor bit of celebrity on his social media.

2) Through his social media Mr. Martinez maintains a fan base and comes in contact with many people.

3) In 2012, Mr. Martinez became aquainted with Ms. Jordan Tilot. They discussed music, poetry, and writing for several days. Later, Mr. Martinez and Ms. Tilot developed a steady friendship.

4) After Ms. Tilot turned 16 years of age, their relationship started to turn a bit more affectionate. Over time, the couple began to love one another.

5) When the idea of actually meeting came up in conversations, Mr. Martinez maintained that he would have to get permission from Ms. Tilot's mother.

6) Mr. Martinez was then introduced to Ms. Wanda Tilot. They corresponded for a while before Ms. Tilot decided to give her permission for Mr. Martinez to visit and meet the family in Green Bay, Wisconsin.

7) Mr. Martinez made a third trip to Wisconsin in July of 2012 so that he and Ms. Tilot's family could solidify wedding arrangements.

8) The couple's new life included Ms. Tilot continuing her education. They had planned for her to enroll in a Texas school after marriage.

9) Prior to their wedding, the couple decided to make a trip to Texas to scout local schools and their requirements.

10) After the couple arrived in Texas, Ms. Tilot was threatened by government agents. Ms. Tilot then came to Texas to pick up her daughter.

11) On January 31, 2013, Mr. Martinez was questioned by federal agents where he signed a Maranda Waiver and spoke freely with agents.

12) Mr. Martinez was later charged with Enticing a Minor to Engage in Prostitution and/or Enticing a Minor to Engage in Sexual Activity for which the minor (any person) could be charged with a criminal offense.

13) Mr. Martinez's counsel was unaware of the conduct that the two criminal statutes prohibited. Thus, he failed to argue at trial that legal marriage and illegal prostitutions are not synonymous under the law.

Mr. Martinez's counsel did not familiarize himself with the convicting statute well enough to realize that the government

changed its wording in the charging papers. Nor did he realize that changing the phrase "any person could be charged" to "he could have been charged..." changed the scope of the conduct that could be charged under the residual clause of the two statutes.

Mr. Martinez is deprived of his liberty under the 13th Amendment for planning to get married, which is conduct that is not criminalized by either statute of conviction. Thus, Mr. Martinez' sentence under 18 U.S.C. §2422 and §2423 should be vacated.

**Ground Two:**

Mr. Martinez was deprived of his statutory right to appeal because his appellate counsel provided ineffective assistance of counsel.

**Supporting Facts:**

Mr. Martinez incorporates by reference the facts in ground one here in ground two. He further explaines that he was deprived of an opportunity to raise a meaningful claim at appeal because his appellate counsel provided ineffective assistance of counsel.

1) At trial, Mr. Martinez was charged and convicted for conduct that was not criminal under the statutes of conviction.

2) Mr. Martinez' trial counsel was ineffective because he did not understand the scope of the criminal statutes involved. Nor did counsel recognize that the government had changed the wording of the statutes in the charging papers, so that the reach of the statutes could be broadened to criminalize conduct beyond that of Congress's intent.

3) Mr. Martinez was represented at appeal by the same attorney that represented him at trial. Thus, appellate counsel had no

-3-

way of raising Mr. Martinez' best claim in appeal because of his ignorance of federal law.

**4)** Mr. Martinez was charged for conduct not criminalized by the statutes of conviction. Thus, Mr. Martinez' best ground for appeal was this obvious structural error. Mr. Martinez' appellate counsel provided ineffective assistance of counsel. Therefore, his sentence should be vacated so that he may file a meaningful appeal with the assistance of competent counsel. See 18 U.S.C §3006A.



Charles Martinez #10930-380
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159

⇔10930-380⇔
U S Courthouse
100 E WALL ST
Midland, TX 79701
United States

Clerk of Court

RECEIVED
OCT 15 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY