UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES RILEY MARTINEZ, | § | |
| Petitioner, | § | |
| | § | Crim. No. MO-13-CR-065-(1)-DC |
| v. | § | Civil No. MO-19-CV-242 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**GOVERNMENT'S RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

The United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney, files this the Government's Response to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and states that the Motion should in all things be denied and respectfully shows the Court as follows:

**I. PROCEDURAL HISTORY**

On February 1, 2013, a criminal complaint was issued against Petitioner. Docket Entry 1, *United States v. Martinez*, MO-13-CR-065-1 (W.D.Tex. 2013). On February 27, 2013, Petitioner was named in a three-count Indictment charging Violations of Title 18, United States Code, Sections 2422 and 2423. *Id*. at Docket Entry 14. On May 7, 2013, Petitioner was found guilty by a jury of Counts 1 and 3 of the Indictment, after the Government abandoned Count 2. *Id.* at Docket Entries 31 & 42. On July 31, 2015, Petitioner was sentenced to 121 months of imprisonment on each count to run concurrent. *Id.* at Docket Entry 46. The Petitioner appealed his sentence, and the 5th Circuit affirmed the conviction on September 10, 2014. *Id*. at Docket Entry 59. On October 9, 2019, Petitioner filed his § 2255 Motion. *Id*. at Docket Entry 78.

Mr. Alvaro Martinez was Petitioner's counsel of record for this case, and was appointed on February 6, 2013. *Id.* at Docket Entry 6. Mr. Martinez represented Petitioner for the entirety of his case. *See generally Id.* Petitioner filed his §2255 motion *Pro Se*. *See Id.* at Docket Entry 78.

## II. ISSUES

In the instant motion, Petitioner raises two grounds for relief stating that his counsel Alvaro Martinez, Jr. was rendered ineffective assistance of counsel at trial, and on Petitioner's appeal. Additionally, throughout Petitioner's motion he makes multiple references to "actual innocence" that Mr. Martinez failed to pursue and/or litigate. Therefore, when construing liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Government reads the sum of Petitioner's motion as follow: 1) Mr. Martinez rendered ineffective assistance of counsel, and 2) Petitioner is actually innocent of the crimes of conviction.

## III. ARGUMENT

### *a. Petitioner's motion must be denied as time-barred.*

Petitioner's motion must be denied as time-barred. In his § 2255 motion, the Petitioner conceded that his motion was filed after the expiration of the one-year period, during which Petitioner could have filed the motion.

The time period for Petitioner to file a motion under § 2255 was within one year after his conviction became final. See 28 U.S.C. § 2255(f)(l). In has been held that 2255 motions' limitation period begins to run when the judgment of conviction becomes final. *See Clay v. United States,* 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'") (quoting 28 U.S.C. § 2255(f)(l )). A judgment becomes final when the defendant's time for seeking review by the Court expires. *Id.* at 526.

*United States v. Gamble,* 208 F.3d 536 (5th Cir. 2000) (per curiam). Petitioner did not file a Petition for a Writ of Certiorari within 90 days of the 5th Circuit's Judgment (*see* USCS Supreme Ct. R. 13), therefore Petitioner's conviction became final when the 5th Circuit issued its Judgment/Mandate on September 10, 2014. Since Petitioner had one year in which to file his § 2255 motion, Petitioner had to file his motion on or before September 10, 2015. Based on the record, it appears that Petitioner filed his instant motion October 10, 2019, which is the date the motion was signed and was presumably mailed to the District Clerk's office. "A *pro-se* motion is deemed filed at the time it is delivered to prison officials." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir.1998)). Thus, Petitioner's motion was signed and dated over four years after the expiration of the deadline of September 10, 2015. Therefore, his motion is untimely and should be denied, unless he is entitled to relief pursuant to "equitable tolling" or he was otherwise unable to discover the issues with an exercise of due diligence.

### b. *Petitioner is not entitled to equitable tolling.*

The Government contends that Petitioner is not entitled to relief because he filed his instant motion more than a year after the facts supporting the claims in his § 2255 motion could have been discovered through the exercise of due diligence. The Government also contents that Petitioner is not entitled to relief based on "equitable tolling."

According to 28 U.S.C.A. § 2255(f)(4), the one year limitation period shall run from:

> the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f)(4).

In his Petition, Petitioner outlines a very specific factual scenario regarding the arrangements he was making with the minor victim's family – factual scenarios that ultimately led

to the Defendant's arrest and subsequent conviction. Based on the Government's review of the issues raised in his § 2255 motion, Petitioner knew of the issues with his attorney *prior to and during the course of the case* (emphasis added), and failed to raise them either on direct appeal or in a timely habeas motion. Accordingly, the Petitioner has failed to demonstrate that he filed his § 2255 Motion within one year of the date on which the facts supporting the claims could have been discovered through due diligence.

The Government contends that Petitioner is not entitled to relief based on "equitable tolling." According to *Holland v. Florida,* 560 U.S. 631, 648, 130 S.Ct. 2549, 2562, (2010):

> a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

*Id.;* quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, (2005). The Government re-urges the arguments discussed above. Petitioner did not timely file his §2255 Motion after the Judgment on his Appeal became final and the one-year period lapsed. Hence, Petitioner did not pursue his rights diligently. Also, as indicated above, Petitioner cannot demonstrate that an "extraordinary circumstance stood in his way and prevented timely filing," his §2255 Motion. Petitioner is not entitled to relief under "equitable tolling."

In his motion Petitioner claims that his petition is timely because of the "actual innocence" exception. Pet. Mot. at 11. Additionally, throughout his argument Petitioner makes multiple references to being innocent of the charge. However, merely making these statements is not enough to reach the actual innocence standard to overcome the limitation period on a § 2255 Motion.

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808, and *House v. Bell,* 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1…"

4

*McQuiggin v. Perkins*, 569 U.S. 383, 386; 133 S. Ct. 1924, 1928 (2013). In other words, if Petitioner could show that he is actually innocent of the charges, he would be entitled to equitable tolling and his § 2255 motion would not be time barred. However, actual-innocence gateway pleas are rare, and a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. When making this assessment the Court shall consider the timing of the petition as a factor bearing on the reliability of the evidence purporting to show actual innocence. *Id.* at 386-387.

In this case, the Court does not even need to reach the "reliability of the evidence" analysis of the defendant's actual innocence claim because the Defendant has brought forth no new evidence in his Petition. As the basis for his motion, the Defendant recites facts from the year 2013 and prior outlining his "relationship" with the minor victim in this case and his desire to marry her. None of the facts are newly discovered evidence, nor are they facts that remotely show Defendant is innocent of his crimes of conviction. Therefore, Petitioner is not entitled to equitable tolling of the one-year limitation, and the Court should deny Petitioner's motion in full.

## IV. CONCLUSION

The Government submits that it does not need to address the merits of Petitioner's claims as his § 2255 Motion to Vacate is time-barred. Additionally, Petitioner is not entitled to equitable tolling and Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, should be denied.

In the event, this Honorable Court determines that the Government should address Petitioner's motion on the merits, then the Government respectfully requests that upon such a

determination, the Government be allowed thirty days from the Court's ruling to respond to Petitioner's § 2255 motion on the merits.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

BY: /s/ Shane A. Chriesman
SHANE A. CHRIESMAN
Assistant United States Attorney
Texas Bar No. 24082818
400 W. Illinois Ave., Suite 1200
Midland, TX 79701

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered via USPS, to Petitioner Charles Riley Martinez, Reg. No. 10930-380, FCI Seagoville, PO Box 9000, Seagoville, TX 75159, on January 10, 2020.

/s/ Shane A. Chriesman
SHANE A. CHRIESMAN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CHARLES RILEY MARTINEZ, | § | |
| Petitioner, | § | |
| | § | Crim. No. MO-13-CR-065-(1)-DC |
| v. | § | Civil No. MO-19-CV-242 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## **ORDER**

Came on to be considered Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody, and after careful consideration, it is determined by the Court that Defendant's motion should be in all things DENIED.

It is so ORDERED, SIGNED, and ENTERED this the _____ day of _____, 20_____.